**SCIOTO COUNTY REGIONAL WATER DISTRICT NO. 1, Authority, Plaintiff,**

v.

**SCIOTO WATER, INC., et al., Defendants.**

No. C–1–95–204.

United States District Court, S.D. Ohio, Western Division.

Nov. 15, 1995.

**696**

John William Hust, Cincinnati, OH, Louis T. Rosenberg, San Antonio, TX, for plaintiff.

Steven Lee Mowery, Wheelersburg, OH, Susanne M. Cetrulo, Edgewood, KY, for defendants.

### ORDER

BECKWITH, District Judge.

This matter is before the Court upon the following motions: (1) Defendant and Counterclaimant Scioto Water, Inc.'s (SWI) Application for Preliminary Injunction, Permanent Injunction, and Declaratory Judgment (Doc. no. 36), Plaintiff Scioto County Regional Water District No. 1, Authority's (Water 1) opposing memorandum and motion for summary judgment (Doc. no. 49), SWI's reply memorandum and memorandum in opposition to Water 1's motion for summary judgment (Doc. no. 54)[1], and Water 1's reply in support of its motion for summary judgment (Doc. no. 73); (2) Rural Economic and Community Development Service's (RECDS) Motion for a More Definite Statement and

Counterclaim[2] (Doc. no. 42); (3) Water 1's Motion for a More Definite Statement Pursuant to Fed.R.Civ.P. 12(e), Alternatively, Motion to Strike Pursuant to Fed.R.Civ.P. 12(f) (Doc. no. 46); and (4) SWI's Motion to Strike and Motion for Leave to Supplement Memoranda in Response to Water 1's Reply (Doc. no. 74).

### I. RECDS's Motion for a More Definite Statement

RECDS moves the Court to strike SWI's cross-claim for indemnification. Because the Court has dismissed all of Water 1's claims against SWI, RECDS's motion is DENIED as moot.

### II. SWI's Motion to Strike

SWI moves the Court to strike Water 1's reply memorandum in support of its motion for summary judgment. SWI contends that the reply violates the federal rules because it raises new issues, cites additional case law, and exceeds the scope of a proper reply. In the event the Court declines to strike the reply, SWI requests leave to respond to the new issues raised in the reply.

The reply brief submitted by Water 1 addresses many of the same issues raised in its motion for summary judgment. Although Water I has raised a new issue in its reply regarding the applicability of the Parker Governmental Immunity Doctrine, the Court deems it unnecessary to address that issue in order to rule on the summary judgment motion. Because the reply brief does not otherwise exceed the scope of the issues raised in Water 1's motion for summary judgment, the motion to strike is hereby DENIED. Further, because the Court will consider only those issues which the parties have had an opportunity to address, SWI's request for leave to respond to new issues raised in the reply is DENIED.

### III. Water 1's Motion to Strike SWI's Response

■ Water 1 moves the Court to strike SWI's response to its motion for summary

---

**1.** The Court granted SWI's request that its reply memorandum be treated as its response to Water 1's motion for summary judgment by Order dated September 7, 1995 (Doc. no. 70).

**2.** The "counterclaim" is actually a cross-claim against Defendant SWI.

judgment as untimely. Water 1 filed its response to SWI's application for injunctive and declaratory relief and its motion for summary judgment on July 10, 1995. On July 18, 1995, SWI filed a reply memorandum in support of its application for injunctive and declaratory relief. On August 23, 1995, SWI moved the Court to treat the reply memorandum as its response to Water 1's motion for summary judgment. The Court granted SWI's request on September 7, 1995. Nonetheless, Water 1 claims that the Court should not consider the response because it is untimely and SWI has not demonstrated excusable neglect for the delay. Water 1 claims that the Court should consider its claims to be undisputed in light of SWI's failure to file a timely response and should grant summary judgment in Water 1's favor.

The Court declines to strike SWI's response. SWI responded to Water 1's opposing memorandum in a timely manner, but captioned it only as a reply memorandum in support of its application for injunctive and declaratory relief rather than as both a reply memorandum and a memorandum in opposition to Water 1's motion for summary judgment. SWI's omission does not warrant treating Water 1's claims as undisputed and granting summary judgment in Water 1's favor. Accordingly, Water 1's request to strike SWI's response to its motion for summary judgment is DENIED.

### IV. Motion for a More Definite Statement

■ Water 1 moves the Court to require SWI to provide a more definite statement of its counterclaims. In support of its motion, Water 1 alleges that the actions which SWI challenges as violative of 7 U.S.C. § 1926(b) are privileged and protected methods of seeking redress.[3] Water 1 further contends that SWI has not alleged any facts which give Water 1 adequate notice as to the basis of its alleged liability for the Sherman Act violations asserted in Count II.

Count I provides adequate notice of SWI's claims under § 1926(b) and the basis for

them. Water 1's contention that its actions are privileged and cannot give rise to a claim under § 1926(b) goes to the merits of SWI's claims and is not an appropriate basis for striking same.

As to Count II, the Court agrees that SWI has failed to give Water 1 adequate notice of the basis for its claims under the Sherman Act, 15 U.S.C. § 1 and § 2. Count II simply incorporates the allegations of the complaint and states that Water 1 "has engaged in anticompetitive and monopolistic conduct in direct violation of 15 U.S.C. § 1 and § 2." However, because the Court finds as a matter of law that SWI cannot establish a Sherman Act violation, to require SWI to provide a more definite statement of its claims would be futile.[4] Accordingly, Water 1's motion for a more definite statement is DENIED. The Court will dispose of the claims on their merits.

### V. SWI's Application for Injunctive and Declaratory Relief

Defendant/Counterclaimant SWI moves for injunctive and declaratory relief on two grounds. First, SWI claims that Water 1 has violated 7 U.S.C. § 1926(b) by filing the complaint and the applications for a temporary restraining order and a preliminary injunction. Second, SWI contends that Water 1 has violated § 1926(b) by extending its transmission lines and expanding its service into SWI's service area. SWI asserts that Water 1 has consequently impaired its ability to repay its existing FmHA indebtedness. SWI further alleges that Water 1 has acted to interfere with SWI's construction of its own wellfield and water treatment plant by corresponding with FmHA officials, state clearing house officials, township trustees, other governmental agencies, state and federal legislators, and the EPA, and by filing appeals to the EPA, Ohio Valley Regional Development Commission, Environmental Board of Review, and the Franklin County, Ohio, Court of Appeals. SWI claims that

---

**3.** Section 1926(b) states, in pertinent part, that the service provided by a water facility "shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public

body, or by the granting of any private franchise for similar service within such area during the term of such loan" . . .

**4.** See Section V(B)(3) below.

Water 1 has acted with the intent to impair SWI's ability to serve its customers and to reduce its water rates for current customers and projected future customers.

SWI further asserts that Water 1 has engaged in anti-competitive and monopolistic conduct in direct violation of 15 U.S.C. § 1 and § 2. SWI also claims that Water 1 has maliciously and tortiously interfered with the contractual relationship between SWI and the FmHA. In support of the latter claim, SWI contends that Water 1 has directed correspondence to various agencies, including the United States Department of Agriculture, seeking the withholding of committed funds for SWI's construction project.

SWI seeks a declaration that it is indebted to the FmHA; that it is entitled to the protections afforded under § 1926(b); and that it has the right to provide water service to new customers which are not currently served by any other water entity and which are included within the Farmers Home Administration (FmHA) and Ohio Environmental Protection Agency (EPA) plans for Phase I and Phase II of SWI's water distribution project. SWI also requests an injunction enjoining Water 1 from interfering with the operation of the wellfield and treatment plant constructed by SWI, from interfering with any contract between SWI and FmHA, and from providing water outside of Water 1's court-created water district.[5] Finally, SWI seeks an order requiring Water 1 to transfer its transmission lines and properties located within the Townships of Porter, Vernon and Blume in Scioto County, Ohio, to SWI since such lines lie outside of Water 1's court-created water district.

A. *Preliminary Injunction*

■ SWI claims that the requirements for a preliminary injunction are satisfied in that Water 1 has clearly violated § 1926(b), SWI has demonstrated its likelihood of success on the merits, SWI will suffer irreparable harm if an injunction is not granted, other remedies are inadequate, and no harm will result to third parties if a preliminary injunction is issued since SWI does not serve, and does

not intend to serve, current customers of Water 1.

■ In determining whether to grant a preliminary injunction, the court must consider: (1) whether, absent the injunction, the moving party would suffer irreparable injury; (2) whether the moving party has demonstrated a substantial likelihood of success on the merits; (3) whether the injunction would have a harmful effect on third parties; and (4) whether the public interest would be served by the injunction. *USACO Coal Company v. Carbomin Energy, Inc.,* 689 F.2d 94, 98 (6th Cir.1982); *Friendship Materials, Inc. v. Michigan Brick, Inc.,* 679 F.2d 100, 102 (6th Cir.1982).

■ In order to obtain a preliminary injunction, the harm that would result in the absence of the injunction must be irreparable, not merely substantial. *Sampson v. Murray,* 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). Irreparable injury must include more than a determinable monetary loss. *Id.* The possibility that adequate relief will be available at a later point in the litigation weighs heavily against a claim of irreparable harm. *Id.* at 90, 94 S.Ct. at 953 (citation omitted).

SWI has failed to demonstrate that it will suffer irreparable harm if a preliminary injunction is not granted. SWI alleges only that it will be irreparably harmed if it is enjoined from completing Phase II of its project, in which event it will be unable to pay its indebtedness to the FmHA on the completed Phase I of the project, i.e., construction of the wellfield and water treatment plant, which will in turn lead to SWI's financial ruin. However, the Court has denied Water 1's request for injunctive relief and has dismissed all of Water 1's claims against SWI. Accordingly, SWI is in no danger of having this Court issue an injunction against it.

Furthermore, SWI has not demonstrated a substantial likelihood of success on the merits of the sole claim on which the Court finds that it is entitled to proceed, i.e., that Water

---

5. In support of its request for injunctive relief, SWI refers the Court to its response to Water 1's application for injunctive relief (Doc. no. 17), its motion to dismiss and supporting memorandum (Doc. no. 16), and its counterclaim filed against Water 1 (Doc. no. 32).

1 has violated § 1926(b) by extending its lines into, and serving customers within, SWI's service area. Although SWI is clearly an indebted association under § 1926(b) and is entitled to the protections afforded by the statute, the Court is unable to conclude at this point that there is a substantial likelihood that SWI will ultimately prevail on its claim that Water 1 has infringed its rights under the statute.[6]

Finally, it appears that water customers in the disputed areas will be served by one of the parties whether or not an injunction is issued. Therefore, although third parties would not be harmed by issuance of an injunction, neither would the public interest be served thereby. For these reasons, SWI's request for a preliminary injunction is hereby DENIED.

## B. *Water 1's Motion for Summary Judgment*

### 1. *Standard of Review*

■■■ The summary judgment procedure under Fed.R.Civ.P. 56 is designed to secure a just, speedy and inexpensive determination of any action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Celotex*, 477 U.S. at 321, 106 S.Ct. at 2552; *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1992); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). If the moving party meets this burden, then the nonmoving party "must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *Guarino*, 980 F.2d at 405. The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970)). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp. Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990).

### 2. *§ 1926(b)*

■■■ SWI claims that Water 1 has instituted legal and other proceedings in violation of § 1926(b) in order to halt completion of SWI's water project. Water 1 does not dispute the fact that it has sought administrative, legislative and judicial remedies for the purpose of halting SWI's project. However, Water 1 claims that its actions are lawful and are constitutionally protected under the First Amendment to the United States Constitution, which guarantees the right to petition the government for a redress of grievances. Water 1 contends that because its actions are protected under the First Amendment, it is entitled to summary judgment on SWI's claim that it has violated § 1926(b) by seeking redress from courts and governmental agencies.

Water 1 is entitled to summary judgment on SWI's claim that it has violated § 1926(b) by petitioning administrative and judicial bodies for legal redress. Although the cases cited by SWI in support of its claim set forth the principle that § 1926(b) prohibits the curtailment of water services provided by an association indebted to the FmHA during the term of such indebtedness, none of these cases support the proposition that the institution of administrative or legal proceedings by a competing water association can constitute curtailment of water services in violation of § 1926(b). *See City of Madison v. Bear Creek Water Ass'n.*, 816 F.2d 1057 (5th Cir.

---

**6.** Because SWI will not suffer irreparable harm if the Court denies its request for a preliminary injunction, the Court finds that a hearing on the merits of the claim in order to determine the likelihood of success is not warranted.

1987); *Jennings Water, Inc. v. City of North Vernon*, 895 F.2d 311 (7th Cir.1989); *CSL Utilities v. Jennings Water, Inc.*, 807 F.Supp. 490 (S.D.Ind.1992); *Glenpool Utility Services v. Water Dist. No. 2*, 861 F.2d 1211 (10th Cir.1988). The Court is unaware of any authorities which suggest that one's First Amendment right to petition the courts for redress of grievances is circumscribed to any extent by § 1926(b). In the absence of any such legal authorities, and based on the undisputed facts before the Court, Water 1 is entitled to summary judgment on SWI's claim that it has violated § 1926(b) by petitioning administrative agencies and the courts for relief.

As to SWI's claim that Water 1 has violated § 1926(b) by extending its water lines and expanding its service into SWI's service area, the facts and evidence before the Court are insufficient to enable the Court to determine whether Water 1 has curtailed SWI's provision of services in violation of § 1926(b) by undertaking such alleged actions. Therefore, this claim will be preserved for trial.

### 3. *Sherman Act*

Water 1 also claims that it is entitled to summary judgment on SWI's claims under the Sherman Act, 15 U.S.C. § 1 and § 2. Water 1 contends that its lawful petitioning for relief is protected activity under the Noerr–Pennington doctrine. SWI concedes that while legitimate advocacy to the government may be protected under the Noerr–Pennington doctrine, frivolous or sham attempts to interfere directly with the business of a competitor are illegal under the antitrust laws. SWI submits that discovery will reveal direct interference with the business of SWI by Water 1 and a pattern of baseless and repetitive proceedings brought for the sole purpose of injuring SWI's business.

The Noerr–Pennington doctrine holds that business interests may combine and lobby to influence the various branches of the government or administrative agencies without violating the antitrust laws since such activities are protected by the First Amendment right to petition the government for redress of grievances. *Eaton v. Newport*

*Bd. of Educ.*, 975 F.2d 292, 297–299 (6th Cir.1992), *cert. denied*, 508 U.S. 957, 113 S.Ct. 2459, 124 L.Ed.2d 674 (1993). Thus, a cause of action under the Sherman Act cannot arise from conduct by a competitor to lawfully influence government decision-making. *Barton's Disposal Service, Inc. v. Tiger Corp.*, 886 F.2d 1430 (5th Cir.1989).

The right to petition authorities to take official action is generally protected regardless of the motives of the petitioners. *Eaton*, 975 F.2d at 298 (*citing Video Int'l. Prod., Inc. v. Warner–Amex Cable Communications, Inc.*, 858 F.2d 1075, 1084 (5th Cir. 1988), *cert. denied*, 491 U.S. 906, 109 S.Ct. 3189, 105 L.Ed.2d 697 (1989)). This is true even where the petitioning activity has the intent or effect of depriving another of property interests. *Id.* The right to petition the government for redress of grievances includes the right to seek relief from the courts. *Nestle Ice Cream Co. v. N.L.R.B.*, 46 F.3d 578, 585 (6th Cir.1995) (*citing California Motor Transport Co. v. Trucking, Unltd.*, 404 U.S. 508, 510, 92 S.Ct. 609, 611–12, 30 L.Ed.2d 642 (1972)).

The United States Supreme Court has carved out a narrow "sham" exception to the Noerr–Pennington doctrine. The exception covers cases where the defendant intended to use the petitioning process merely to harass the plaintiff. *Eaton*, 975 F.2d at 298. There is no First Amendment right to pursue baseless litigation. *Nestle Ice Cream*, 46 F.3d at 585. A pattern of baseless, repetitive claims may establish the sham nature of the petitioning activity and result in the loss of any privilege under the First Amendment. *California Motor*, 404 U.S. 508, 92 S.Ct. 609.

Litigation is "sham" if it satisfies a two-part test. *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 59–61, 113 S.Ct. 1920, 1928, 123 L.Ed.2d 611 (1993). First, the lawsuit must be objectively baseless in that no reasonable litigant could realistically expect success on the merits. *Id.* If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, an antitrust claim premised on the

sham exception must fail. *Id.* The existence of probable cause to institute legal proceedings precludes a finding that the litigation was sham. *Id.*

 Only if the challenged litigation is objectively meritless may a court examine the litigant's subjective motivation. *Id.* Evidence of anticompetitive intent or purpose alone cannot transform otherwise legitimate petitioning activity into a sham. *Id.*

The Court may determine whether there was probable cause for Water 1 to bring its claims as a matter of law. *See Columbia Pictures,* 508 U.S. at 63, 113 S.Ct. at 1930. The Court finds that there was probable cause for Water 1 to pursue its claims. Water 1's claims, which have been dismissed by the Court, were not objectively baseless in the sense that no reasonable litigant could have realistically expected success on the merits of such claims. Water 1 brought claims under § 1926(b) on the theory that it was a protected association under the terms of the statute. In its opinion dismissing Water 1's claims, the Court noted that the question of whether an entity in Water 1's position qualifies as an indebted association entitled to the protections of § 1926(b) is unsettled. (Doc. no. 59) The Court found that § 1926(b) did not define pertinent terms and that it was necessary to look beyond the statutory language in order to construe the meaning thereof. Although the Court acknowledged that one state court had construed the pertinent statutory provisions in the manner advocated by Water 1, the Court rejected that interpretation. However, the fact that the Court rejected Water 1's position does not mean that its position was frivolous or unreasonable. Rather, in light of the unsettled nature of the law, its action was arguably warranted by existing law or by a reasonable argument for the extension of existing law. Thus, the objective prong of the test for determining whether litigation is sham is not satisfied with regard to this lawsuit.

The same is true of those activities which Water 1 directed toward other governmental bodies and administrative agencies. As an arguably covered association under § 1926(b), Water 1 had an objectively reasonable basis for attempting to halt SWI's project by pursuing relief through administrative and legislative channels.

 The Court need not consider SWI's contention that discovery will disclose the existence of sham activities by Water 1. Since the Court has found that Water 1 had probable cause to bring its claims, Water 1's intent in pursuing such claims is immaterial.[7] As a matter of law, the sham exception does not apply, and Water 1 is entitled to immunity from antitrust liability for SWI's claims under the Sherman Act.[8]

### 4. *Tortious Interference*

 Although Ohio recognizes a cause of action for tortious interference, (*See Juhasz v. Quik Shops, Inc.,* 55 Ohio App.2d 51, 9 O.O.3d 216, 379 N.E.2d 235 (1977)), Water 1 contends that is immune from liability under the applicable law. It has been held that the Noerr–Pennington doctrine immunizes certain actions to influence the government from liability under state law for tortious interference with business, subject to the sham exception set forth above. *See, e.g., In re IBP Confidential Business Documents Litigation,* 755 F.2d 1300, 1309 (8th Cir. 1985), (*citing NAACP v. Claiborne Hardware Co.,* 458 U.S. 886, 915, 102 S.Ct. 3409, 3426–27, 73 L.Ed.2d 1215 (1982)); *Suburban Restoration Co., Inc. v. Acmat Corp.,* 700 F.2d 98 (2nd Cir.1983). The Court in *Suburban Restoration* reasoned that the federal courts have strongly suggested that imposing liability for filing a "non-sham lawsuit" under

---

7. Even if the Court were required to examine evidence of subjective intent, SWI has not alleged any facts which demonstrate that Water 1's actions have merely been a ruse and that Water 1 has not truly sought favorable government action. This is despite the fact that SWI has had several months to conduct discovery.

8. In addition, to the extent SWI wishes to pursue a claim under Section 1 of the Sherman Act, Water 1 is entitled to summary judgment on the ground that there can be no conspiracy by a single entity acting on its own behalf. *Greenwood Utilities Comm'n. v. Mississippi Power Co.,* 751 F.2d 1484, 1497 (5th Cir.1985).

state law would pose serious constitutional questions. *Id.* at 102.

 This Court agrees that the Noerr–Pennington doctrine is not limited in application to antitrust claims. The doctrine is grounded on the First Amendment principle that an individual or entity has the right to pursue legitimate efforts to influence government decision-making and to approach the courts in order to obtain redress of grievances. This principle applies whether those efforts are challenged under federal antitrust law or under state law.

Furthermore, the United States Supreme Court in *Columbia Pictures* suggested that the Noerr–Pennington doctrine applies to claims other than those brought under the antitrust laws. The Court stated as follows:

> Whether applying Noerr as an antitrust doctrine or invoking it in other contexts, we have repeatedly reaffirmed that evidence of anticompetitive intent or purpose alone cannot transform otherwise legitimate activity into a sham....

Because Water 1 had an objectively reasonable basis for attempting to stop SWI's projects, the Noerr–Pennington doctrine immunizes Water 1 from liability for its petitioning activities. Water 1 is therefore entitled to summary judgment on SWI's tortious interference claim.

### VI. *Conclusion*

The Court hereby DENIES Defendant RECDS's Motion for a More Definite Statement (Doc. no. 42), Plaintiff Water 1's Motion for a More Definite Statement or, Alternatively, Motion to Strike (Doc. no. 46), Defendant SWI's Motion to Strike and Motion for Leave to Supplement Memoranda (Doc. no. 74), and Defendant SWI's Application for Preliminary Injunction, Permanent Injunction, and Declaratory Judgment (Doc. no. 36).

The Court hereby GRANTS Water 1's Motion for Summary Judgment (Doc. no. 49) with respect to SWI's claims that (1) Water 1 has violated § 1926(b) by petitioning government agencies and courts for legal redress for alleged wrongs by SWI, (2) Water 1 has violated the Sherman Act, and (3) Water 1 is liable for tortious interference with SWI's business.

Water 1's motion for summary judgment (Doc. no. 49) is DENIED with respect to SWI's claim that Water 1 has violated § 1926(b) by extending its lines and expanding its service into SWI's service area.

IT IS SO ORDERED.